998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cornelius W. HARRIS, Petitioner-Appellant,
v.
Gary R. McCAUGHTRY and James E. Doyle, Respondents-Appellees.
 No. 92-3541.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1993.*
Decided July 21, 1993.
 
 Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 After his conviction for murder, Cornelius Harris asked his lawyer to appeal. The lawyer filed a no-merit report, the Wisconsin procedure corresponding to Anders v. California, 386 U.S. 738 (1967). See McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429 (1988). After an independent review of the record, the court of appeals concluded that there were no reversible errors, excused counsel, and dismissed the appeal. Harris next commenced a collateral attack in federal court. 28 U.S.C. § 2254. The district judge shared the conclusion of counsel and the state court of appeals that there are indeed no errors.
 
 
 2
 Harris makes three arguments here. The first is that the trial judge should not have permitted the jury to receive a report that formed the basis of one witness' testimony against him. Wisconsin's court of appeals wrote: "The record on appeal does not include the police report marked as trial exhibit no. 3. Because the exhibit is not available for our review, we decline to address any issues related to it." The state now says that this default on direct appeal supplies an independent and adequate state ground in support of the judgment. The difficulty with this approach is that counsel's failure to preserve the record in order to present what otherwise might have been an arguable issue means that the lawyer did not comply with the requirements of Anders and McCoy; and if he did not comply with these requirements, then by withdrawing he furnished ineffective assistance of counsel, which in turn supplies "cause" for the procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). This complication makes it prudent to address the merits. The jury heard the substance of the report by live testimony. Whether the written words should have been placed before the jury was an issue to be resolved under the state law of evidence. Errors in the admission or exclusion of evidence do not violate the Constitution. Estelle v. McGuire, 112 S.Ct. 475 (1991). Nothing about the use of this report independently violates the Constitution, which does not demand that a writing duplicating oral testimony be excluded.
 
 
 3
 The use of his confession gives Harris a second issue. Harris contends that the confession was obtained without benefit of Miranda warnings and was involuntary. He adds that Detective Leroy Shaw testified falsely about the content of the confession. The state court of appeals concluded that Harris had waived the Miranda and voluntariness issues in the trial court. As for Shaw's credibility, the court of appeals concluded that this was an issue for trial judge and jury. These conclusions are unexceptionable. The forfeiture concerning Miranda and voluntariness bars federal review, and " § 2254 gives federal courts no license to redetermine the credibility of witnesses". Marshall v. Lonberger, 459 U.S. 422, 434 (1983).
 
 
 4
 Finally, Harris contends that the evidence was insufficient. See Jackson v. Virginia, 443 U.S. 307 (1979). Harris shot Albert Jordan in the head at close range. He concedes firing the gun deliberately but says that he lacked the intent required by Wisconsin law because he believed the use of deadly force necessary to protect his own life and the life of his sister Jeannette, whom Jordan was choking. Jordan and Jeannette had been an off-and-on couple, prone to violent quarrels. Jordan had choked Jeannette before, and Harris concedes that Jordan stopped before doing her any harm. The prosecutor argued that Harris must have had the necessary intent, because he knew that Jordan would have desisted--and because he could have stopped Jordan by applying significantly less force (hitting him with the gun, for example, rather than putting a bullet through his skull). One aspect of Harris's confession was an admission that he never thought Jordan would kill anyone.
 
 
 5
 Harris also testified that Jordan lunged at him just before being shot. A jury could have disbelieved this uncorroborated testimony or inferred that Jordan, seeing the gun in Harris's hand, was trying to preserve his own life rather than injure Harris. Jackson does not authorize federal judges to sit as additional jurors and assess the evidence for themselves. It is enough that reasonable persons could conclude beyond a reasonable doubt that the defendant committed the crime of which he was convicted. Reasonable persons could conclude that Harris murdered Jordan as Wisconsin defines the crime of murder.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any part might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record